572 South Salina Corp. v. Commissioner.
572 South Salina Corp. v. Commissioner
Docket No. 35924.
United States Tax Court
1953 Tax Ct. Memo LEXIS 267; 12 T.C.M. (CCH) 470; T.C.M. (RIA) 53150; April 30, 1953
Joseph E. Rizzo, Esq., for the petitioner. Thomas R. Charshee, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies and additions for late filing under 291(a) and for negligence under 293(a) as follows: Declared Value
Excess Profits
Excess Profits
Year
Tax
Additions
Income Tax
Additions
Tax
Additions
7/7/43-
12/31/43
$1,464.74
$439.43
$ 612.57
$183.77
$6,463.40
$1,939.02
1944
2,760.47
828.14
2,624.14
787.25
6,999.46
2,099.84
1946
16,088.71
804.44 The only issue for decision is whether the Commissioner erred in disallowing a part of the total amount deducted by the petitioner in each year as prizes. Findings of Fact The petitioner, a New York corporation, filed its returns for *268 the taxable years with the collector of internal revenue for the Twenty-first District of New York. The petitioner was incorporated on July 7, 1943 and thereafter during the taxable years conducted business in a leased theatre at 572 South Salina Street, Syracuse, New York. The business consisted of a combination of exhibiting motion pictures and conducting bingo games. The petitioner awarded in prizes, in connection with that business, a total of $46,168.58 for the period ended December 31, 1943, $63,568.80 during 1944 and $190,688.74 during 1946. The Commissioner, in determining the deficiencies, allowed only $30,878.76 of the 1943 deduction, $39,188.29 of the 1944 deduction and $151,521.17 of the 1946 deduction in each case explaining that the amount allowed "is deemed to be reasonable considering the gross business done. The balance of the claimed deduction, which is disallowed herein, is not deemed to be allowable under the provisions of section 23 of the Internal Revenue Code." The entire deduction claimed herein for each period for prizes paid was an ordinary and necessary expense of the business and was deductible under section 23(a)(1)(A). *269 Opinion MURDOCK, Judge: The Commissioner had no right to allow only so much of the claimed deductions as he deemed reasonable considering the business done. The prizes were the principal stimulus of the petitioner's business. The record indicates that the petitioner would have had no business without prizes. It actually paid out in prizes the total amounts which it claims as deductions and is entitled to deduct those amounts with the result that there is no deficiency and hence no addition to the tax for any of the three taxable periods. Decision will be entered for the petitioner.